UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CORDELL AVANT, | ) |
| Plaintiff, | ) Civil No. 6:23-cv-00120-GFVT |
| v. | ) |
| WARDEN GILLEY, *et al.*, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Defendants. | ) **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Cordell Avant has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.]  This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).[1]

In March 2006, in Peoria, Illinois, Avant was sentenced to 46-months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Avant served that custodial term, but in 2011 his federal supervised release was revoked after a state court convicted him of aggravated assault with a firearm.  The federal court later sentenced Avant to 24-months' imprisonment to be served consecutively to his 22-year state sentence.  *United States v. Avant*, No. 1:05-CR-10074-MMM-JAG-1 (C.D. Ill. 2005) [R. 9, 32 therein].

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor.  *Davis*, 679 F.3d at 437-38.  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Illinois paroled Avant from his state sentence in March 2022. Shortly thereafter he was transferred to the custody of the Bureau of Prisons to begin service of his federal sentence.[2] Upon his arrival in BOP custody, Avant requested that he serve almost all of his federal sentence in a halfway house.[3] Avant alleges that, in July 2022, Record Officer Schrek rejected his request, stating that Avant is not eligible to be transferred to a halfway house because he remains on parole for his Illinois conviction.[4] Avant indicates that in the months following he argued that Schrek was incorrect to Assistant Warden Miller, Warden Gilley, Case Manager Ms. Foster, and Case Manager Shrunk, but that none would assist him. [R. 1 at 2-3.] Avant asserts violations of 5 U.S.C. § 553(b)-(d), 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c), 28 C.F.R. § 570.20-.22, the *Ex Post Facto* Clause, as well as the Fifth, Eighth, and Fourteenth Amendments. [R. 1 at 4.] Avant seeks damages, unspecified injunctive relief, and transfer to a halfway house. *Id*. at 8.

The Court has thoroughly reviewed Avant's complaint and will dismiss this action upon initial screening. Avant cannot seek or obtain earlier release from custody through an injunction entered in a civil rights action; such relief can only be obtained by filing a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (noting that "where the relief sought is 'a determination that he is

---

[2] The Illinois Department of Corrections provides online conviction and offender information for current and former inmates like Avant. *See Individual in Custody Search*, Ill. Dep't of Corrs., https://idoc.illinois.gov/offender/inmatesearch.html (last visited July 13, 2023).

[3] Avant also promptly requested compassionate release, but in August 2022 the warden denied the request noting Avant's high risk for recidivism, history of serious violence, and prison disciplinary record. Avant filed a motion in the trial court seeking the same relief, but the sentencing court denied his motion in January 2023. In the ensuing six months Avant has filed additional motions in the sentencing court seeking immediate release from prison and has appealed its denial of relief to the Seventh Circuit Court of Appeals. *See United States v. Avant*, No. 1:05-CR-10074-MMM-JAG-1 (C.D. Ill. 2005) [R. 46, 53, 54, 55, 56, 57, 59, 60 therein].

[4] On its website, see note 2 *supra*, IDOC indicates that Avant is projected to be discharged from his state parole on March 17, 2025.

2

entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983."). Notably, on the same day Avant filed this action he also filed a habeas corpus petition seeking transfer to a halfway house, a matter that remains pending. *See Avant v. Gilley*, No. 6:23-CV-121-REW (E.D. Ky. 2023). That mechanism, and only that mechanism, can grant him the transfer he seeks.

Avant also seeks damages, arguing that the BOP's conclusion that he is ineligible for halfway house placement is incorrect under the pertinent statutes and violates his constitutional rights. But he fails to provide any basis to conclude that the BOP's determination, even if incorrect, entitles him to recovery under *Bivens*. In a series of decisions, most recently in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) and *Egbert v. Boule*, 142 S. Ct. 1793 (2022), the United States Supreme Court has reiterated in the strongest terms that the damages remedy implied in *Bivens* should very rarely be extended to contexts that differ meaningfully from those three discrete circumstances where it has previously been recognized. *See also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (noting that the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants.").

To decide if Avant may pursue his claims under *Bivens*, the Court must answer two questions. First, it must decide if his claims arise in a "new context" because they are "different in a meaningful way" from previous *Bivens* claims permitted by the Supreme Court. The Court considers whether they involve different constitutional rights, a different category of defendants, implicate different policy considerations, or present differing risks of judicial intrusion. *Ziglar*, 137 S. Ct. at 1859-60. Avant's claims are different from those permitted before: he does not claim (1) violation of the Fourth Amendment arising from the search of his private residence without probable cause, *see Bivens*, 403 U.S. at 397; (2) violation of the Fifth Amendment

3

arising from sex-based discrimination in federal employment, *see Davis v. Passman*, 442 U.S. 228, 249 (1979); or (3) violation of the Eighth Amendment arising from deliberate indifference to a prisoner's medical care, *see Carlson v. Green*, 446 U.S. 14, 24 (1980).  Avant's claims are therefore "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]," and thus present a "new context."  *Ziglar*, 137 S. Ct. at 1859.

The Court must next determine whether "special factors" counsel hesitation before extending the *Bivens* remedy to this new context.  *Jacobs v. Alam*, 915 F.3d 1028, 1037 (6th Cir. 2019).  The Supreme Court has made clear that:

> Separation-of-powers principles are or should be central to the analysis.  The question is who should decide whether to provide for a damages remedy, Congress or the courts?  The answer most often will be Congress.  When an issue involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them.

*Ziglar*, 137 S. Ct. at 1857 (cleaned up).  Here, numerous factors counsel against extending *Bivens* to Avant's claims.  For one, the BOP's inmate grievance program provides an alternative mechanism to remedy errors of the kind Avant asserts are present here.  *See Malesko*, 534 U.S. at 61 (noting that the BOP's inmate grievance program "provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring."); *Jacobs*, 915 F.3d at 1037 (6th Cir. 2019); *Hower v. Damron*, No. 0:20-CV-53-WOB, 2021 WL 4449980, at *6 (E.D. Ky. Sept. 28, 2021), *aff'd*, No. 21-5996, 2022 WL 16578864 (6th Cir. Aug. 31, 2022).  Avant can also file a habeas corpus petition to seek release to a halfway house, and indeed has already done so.  Keeping in mind the Sixth Circuit's reminder that "[w]hat started out as a presumption in favor of implied rights of action has become a firm presumption against them," the Court declines to extend *Bivens* implied remedy

4

to the novel context presented here.  *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Cordell Avant's Complaint **[R. 1]** is **DISMISSED**.
2. The Court will enter a judgment contemporaneously with this order.
3. Avant's motion to appoint counsel **[R. 4]** is **DENIED** as moot.
4. This matter is **STRICKEN** from the docket.

This the 14th day of July 2023.

Gregory F. Van Tatenhove
United States District Judge